ON SUPERVISORY WRITS TO THE FIRST JUDICIAL DISTRICT COURT, PARISH OF CADDO PER CURIAM: | denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, relator’s challenge to the sufficiency of the evidence was fully litigated on direct review and therefore barred by La.C.Cr.P. art. 930.4(A). See State v. Carey, 47,650 (La.App. 2 Cir. 2/27/13), 110 So.3d 221, writ denied, 13-0726 (La. 11/1/13), 125 So.3d 417. We attach hereto and make a part hereof the district court’s written reasons denying relief. Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive ^application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam. [¡Attachment [[Image here]] On Gctobar27,20n,Petititmanvas convicted of Manslaughter. OnDecember 14,2011, Petitioner was sentenced as a Second Felony Habitwd Offender to be confined fcr eighty (80) years at hard labor. He was subsequently committed to the Louisiana Department of Corrections, subject to the conditions provided by law. Tire Court oldered that Petitioner’s sentence be served without the benefit of probation, parole, or suspension of sentence. The Court also informed Petitioner of his tight Jo post-conviction relief proceedings. On February 27, 2013, the Second Circuit Court Appeal affirmed Petitioner's conviction and. sentence. Store v. Carey, 47,650 (La. App. 2d Cir, 2/27/13), U0So.3d221, Currently, this'Court has for its consideration Petitioner’s Application for Post- Conviction Relief, filed on February 6,2014. On December 17,2015, the Second Circuit Court of Appeals issued a Writ of Mandamus for an Application purportedly filed by Petitioner on .January 30,201'4. There ⅛ no record of an application being filed on January 30,2014; however, it appears IhatPetitionur’s February 6,2014, application is outstanding. For to following reasons, Petitioner Application to Posti-Conviction Relief, filed on February 6,2014, is DESNUtR, hr Petitioner’s Application, ho argues that he'received ineffective assistance of counsel. Specifically, Petitioner argues that his defense counsel &iled to adequately investigate the crime. He further argues that counsel fitted to interview oertaln patties that may have been able to provide exculpatory evidence. To succeed on an ineffective assistance of counsel claim, Petitioner must first satisfy the test set forth by the United States Supreme Court in Strickland v, Washington, 466 U.S. 6S8 (3 984). Petitioner must show that counsel’s performance was deficient, that the deficiency prejudicedhim, and that counsel's' error was so serious that it violated Petitioner’s tight to «Effective assistance of counsel as guaranteed by the Sixth Amendment ofthe U.S, Constitution. Aiat686. The Petitioner must prove actual prejudice before relief will be granted. ⅞ is not sufficient to the Petitioner, to showthe error-Had some conceivable effect on the outcome of the proceedings, Rather; he must [[Image here]] [[Image here]]